**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN O'CONNOR,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF DESERT HOT SPRINGS, a municipal corporation; PATRICK WILLIAMS, individually and as Chief of Police for the Desert Hot Springs Police Department; RICK DANIELS, individually and as City Manager of the City of Desert Hot Springs; KATHERINE SINGER, individually and as Commander for the Desert Hot Springs Police Department; DANIEL BRESSLER, individually and as Commander for the Desert Hot Springs Police Department,<br><br>        Defendants - Appellees. | No. 12-55777<br><br>D.C. No. 2:11-cv-03621-SVW-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 6, 2013
Pasadena, California

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and RAWLINSON, Circuit Judges, and GLEASON, District Judge.[**]

Steven O'Connor (O'Connor) appeals the district court's order granting the motion to dismiss O'Connor's third amended complaint (TAC) for retaliation against Appellees City of Desert Hot Springs, Chief of Police Patrick Williams, City Manager Rick Daniels, Police Commander Katherine Singer, and Police Commander Daniel Bressler (collectively the City). The district court dismissed without leave to amend when O'Connor failed to state a claim despite four opportunities to do so.

We review dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure *de novo*, and we review denial of leave to amend for abuse of discretion. *See Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013).

"We follow a sequential five-step inquiry to determine whether an employer impermissibly retaliated against an employee for engaging in protected speech. . . ." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1056 (9th Cir. 2013) (citation omitted). Only two considerations are at issue in this appeal: "(1) whether the

---

[**] The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

2

plaintiff spoke on a matter of public concern" and "(2) whether the plaintiff spoke as a private citizen or public employee." *Id.* (citation omitted).

"Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record. . . . " *Connick v. Myers*, 461 U.S. 138, 147-48 (1983) (footnote reference omitted). "[W]e do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (citation omitted). Rather, O'Connor was required to plead what he said so the court could consider "[f]irst and foremost . . . the content of the speech, the greatest single factor in the *Connick* inquiry. . . . " *Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (9th Cir. 2009) (citations and internal quotation marks omitted).

Despite several opportunities and the district court's repeated admonitions that the content of his speech must be pled, O'Connor failed to plead a plausible claim for relief, even after three amendments to his Complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring the pleading of facts sufficient "to

state a claim to relief that is plausible on its face").[1]  Our decisions in *Ellins*, 710

F.3d 1049, and *Dahlia v. Rodriguez*, 735 F.3d 1060 (9th Cir. 2013) (en banc), do not

alter the requirement that the *pleading* standard be met.  *See Twombly*, 550 U.S. at

555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions. . . . ") (citation, alteration, and internal

quotation marks omitted); *see also Dahlia*, 735 F.3d at 1069 (explaining that the

subject matter of speech is highly relevant).

"Leave to amend may . . . be denied for repeated failure to cure deficiencies

by previous amendment."  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742

(9th Cir. 2008) (citations omitted).  Because the district court dismissed the

Complaint three previous times with leave to amend and with instructions on how to

cure the deficiencies, the district court did not abuse its discretion in dismissing the

TAC without leave to amend.  *See Sylvia Landfield Trust*, 729 F.3d at 1196.

**AFFIRMED.**

---

[1]  Because this reason for affirmance of the dismissal is dispositive, we do not address the City's alternative bases for affirmance.  *See Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 692 (9th Cir. 2012), *as amended* ("We can affirm the decision of the district court on any ground supported by the record, even one not relied on by that court.") (citation and alteration omitted).